THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHONDA BROWN, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>SEATTLE THEATRE GROUP, *et al.*,<br><br>  Defendants. | CASE NO. C17-0939-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for attorney fees and costs (Dkt. No. 42). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

**I.   BACKGROUND**

Plaintiffs brought this action against Defendant Seattle Theatre Group ("STG") for alleged violations of Title III of the Americans with Disabilities Act ("ADA"), and its implementing regulations, as well as the Washington Law Against Discrimination ("WLAD"), Washington Revised Code chapter 49.60 *et seq.* (Dkt. No. 21 at 16–20.) Plaintiffs each have a mobility disability and alleged that two of the venues STG operates, the Paramount Theatre and the Moore Theatre, have not complied with accessibility standards required by the ADA. (*Id.* at 8–16.) Barriers to access included insufficient numbers of wheelchair accessible seats and companion seats, insufficient seating dimensions, and insufficient sightlines. (*Id.*) Plaintiffs

sought declaratory and injunctive relief to remedy these barriers to access, as well as reasonable attorney fees and costs. (*Id*. at 21–23.)

The parties resolved all of Plaintiffs' claims by two offers of judgment, made pursuant to Federal Rule of Civil Procedure 68. (*See* Dkt. Nos. 31, 39.) As part of the judgments, STG agreed to take remedial measures to eliminate the barriers to access identified in Plaintiffs' amended complaint. (*Id*.) Plaintiffs ask the Court to award attorney fees of $242,377.50 (which represents the lodestar figure with a 1.5 multiplier) and costs of $3,278.86. (Dkt. Nos. 42, 49.) STG opposes the requested attorney fees and asks the Court to order an award of no more than $60,000.[1] (Dkt. No. 46.)

## II. DISCUSSION

### A. Reasonable Attorney Fees

The ADA allows a district court, in its discretion, to award reasonable attorney fees and costs to a prevailing party. 42 U.S.C. § 12205. Similarly, Revised Code of Washington section 49.60.030(2) provides that a plaintiff prevailing under a WLAD claim is entitled to recover "the cost of suit including reasonable attorneys' fees." *See also Broyles v. Thurston County*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008) ("Successful plaintiffs under the WLAD are entitled to recover their attorney fees and costs incurred in pursuing their claims.").

District courts employ a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 202 (Wash. 1983). Second, the Court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citation omitted). There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *City*

---

[1] STG does not object to Plaintiffs' requested costs. (Dkt. No. 46 at 2.)

*of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *224 Westlake, LLC v. Engstrom Prop., LLC*, 281 P.3d 693, 713 (Wash. Ct. App. 2012).

**B.     Plaintiffs' Fee Request**

It is undisputed that Plaintiffs were the prevailing party in this action and are therefore entitled to reasonable attorney fees and costs pursuant to both the ADA and WLAD. (*See* Dkt. Nos. 31, 39, 46.) Plaintiffs' counsel submitted detailed billing records and the following information in support of their proposed fee award:

| **Professional[2]** | **Hourly Rate** | **Hours** | **Total Fees** |
|---|---|---|---|
| Conrad Reynoldson[3] | $335.00 | 276.9 | $92,761.50 |
| Mark Walters | $375.00 | 163.5 | $61,312.50 |
| Jonathan Ko | $290.00 | 22.7 | $6,583 |
| Danna Patterson | $80.00 | 11.6 | $928 |
| **Total** | N/A | 476 | $161,585.00 |

(Dkt. Nos. 42 at 3–4; 43-2, 43-3, 43-4, 44-2.)

1.     Lodestar Calculation

To determine a reasonable billing rate, the Court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston Cty.*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). The applicable geographic area for determining a reasonable hourly rate for Plaintiffs' counsel is the entire Puget Sound region. *Id*.

Here, Plaintiffs counsels' rates are consistent with the rates charged by other lawyers in the Puget Sound area and approved by this Court. *See, e.g.*, *Campbell v. Catholic Cmty. Servs. of*

---

[2] Reynoldson, Ko, and Patterson are part of the Washington Civil & Disability Advocate firm, while Attorney Walters is employed by Reed Pruett Walters PLLC. (Dkt. No. 42 at 3–4.)

[3] Attorney Reynoldson states in the reply brief that he worked 282.6 hours, but that is contrary to the record. (*Compare* Dkt. No. 42, *with* Dkt. No. 49) (*See generally* Dkt. No. 43-2).

1 | *W. Washington*, No. C10-1579-JCC, Dkt. No. 120 at 3 (W.D. Wash. Aug. 8, 2012)
2 | ($350/partner, $250/associates, $125/support staff). Therefore, the Court finds them reasonable.

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The lion's share of the work in Plaintiffs' case was performed by attorneys Conrad Reynoldson and Mark Walters. (*See* Dkt. Nos. 43-2, 44-2.) In general, Plaintiffs' counsel was careful not to bill for duplicative or unnecessary work. However, the Court concludes that the following billing entries—made on or near the same dates, for work completed on the same tasks—represent duplicative and unnecessary work:

| Date | Task | Hours Billed |
|---|---|---|
| January 11, 2017 | Drafting/Revising Demand Letter | 0.8 |
| June 13, 2017 | Drafting/Revising Complaint | 1.5 |
| October 17, 2017 | Draft Requests for Admissions | 3.3 |
| November 6, 2017 | Drafting Rule 30(b)(6) Deposition Notice | 1.5 |
| December 7–8, 2017 | Drafting Discovery Responses | 1.5 |
| December 15, 2017 | Drafting Discovery Responses | 3.9 |
| December 26–27, 2017 | Drafting/Revising Amended Complaint | 3.3 |
| January 12, 2018 | Drafting/Revising Amended Complaint | 2.0 |
| January 12, 2018 | Drafting/Revising Interrogatories and Requests for Production | 2.5 |
| April 5, 2018 | Drafting/Revising Interrogatories and Requests for Production | 2.1 |
| May 8, 2018 | Drafting Reply to Motion to Compel | 3.4 |

(*See generally* Dkt. Nos. 43-2, 44-2.) The Court calculates that 25.8 hours was billed for duplicative work, and therefore deducts half of that amount—12.9 hours—from Attorney Reynoldson's total (leaving him with 264 hours billed).

Counsel also reported spending 23.5 hours preparing their motion for attorney fees and costs. (Dkt. Nos. 43-2 at 28–30; 44-2 at 20.) But the initial motion was more than two-times longer than allowed under the Local Civil Rules. (*See* Dkt. Nos. 40, 41) The Court terminated the motion and required counsel to refile. (Dkt. No. 41.) The Court concludes that half of the hours counsel billed for preparing its motion for attorney fees was unnecessary and wasteful. The Court deducts 11.75 hours from Attorney Walters' total (leaving him with 151.75).

Having reviewed counsels' billing records, the Court concludes that the other hours were reasonably expended. (*See* Dkt. Nos. 43-2. 43-3, 43-4, 44-2.) Multiplying the attorneys' reasonable hourly rates to the total hours expended, the Court finds that the lodestar figure is $152,857.25.

### 2. Upward or Downward Adjustment

After determining the lodestar, a district court can adjust the figure upward or downward by considering various factors that were not part of its lodestar calculation.[4] The Ninth Circuit has made clear that the lodestar figure is presumptively reasonable, and "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that

---

[4] The relevant factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 n.2 (9th Cir. 2000) (citing *Hensley* 461 U.S. at 430 n. 3)

1  the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen*, 214 F.3d at 1045

2  (citation and internal quotation marks omitted).

3       STG argues that the lodestar figure should be reduced because: (1) neither side had to
4  prepare for trial; (2) no depositions were taken; (3) dispositive motions were not filed; (4) the
5  parties conducted minimal written discovery; (5) Plaintiffs did not retain an expert to help
6  resolve the case[5]; and (6) the case was resolved shortly after the parties conducted mediation.
7  (Dkt. No. 46 at 8.) For these reasons, STG argues that Plaintiffs should be awarded no more than
8  $60,000 in fees—a figure slightly above the $57,705.05 STG's attorneys reportedly incurred to
9  litigate this case. (*Id*.) Plaintiffs, by contrast, ask the Court to apply a 1.5 multiplier to the
10 lodestar in order to "capture the true market value of the exceptional service and solid results
11 obtained in the case." (Dkt. No. 42 at 9.) Plaintiffs argue that this multiplier is appropriate
12 because they achieved exceptional results at below market rates. (*Id*. at 10.)

13      There are several reasons that the lodestar amount should not be decreased. While this
14 matter did not proceed to trial or summary judgment, the parties engaged in significant and
15 ongoing negotiations for almost a year. (*See generally* Dkt. Nos. 43-2, 44-2, 47.) The avoidance
16 of trial and dispositive motions speaks more to Plaintiffs' success, than it does to provide a basis
17 for lowering counsels' fee award. Although no depositions were taken, Plaintiffs aggressively
18 litigated the case, filing an amended complaint and multiple motions to compel discovery. (Dkt.
19 Nos. 21, 27, 28.) Most importantly, Plaintiffs achieved excellent results by obtaining two offers
20 of judgment that remediated nearly all of the barriers to access identified in the amended
21 complaint. (*See* Dkt. Nos. 31, 39). The relief obtained in this lawsuit will not only benefit
22 Plaintiffs, but all of STG's patrons who live with mobility disabilities. STG's position that
23 Plaintiffs' attorney fees should mirror its own is unpersuasive. Not only does STG fail to

---

[5] Although it is unclear whether Plaintiffs "retained" an expert, the record is clear that Plaintiffs consulted with several experts during the prosecution of their case. (*See generally* Dkt. Nos. 43-2. 44-2, 49.)

adequately account for Plaintiffs' role in achieving the results obtained, it also fails to acknowledge that plaintiffs' counsel, in prosecuting a civil lawsuit, necessarily performs work that defense counsel does not.

Conversely, Plaintiffs have not met their burden to show that a multiplier is warranted under either federal or state law. The facts of this case do not represent the type of "rare" and "exceptional' circumstances" when the lodestar figure does not adequately represent counsel's "superior performance and commitment of resources." *Kelly v. Wengler*, 822 F.3d 1085, 1102 (9th Cir. 2016) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)). Plaintiffs resolved this matter short of trial and without filing or having to defend against dispositive motions. The litigation lasted for about a year, and was resolved days after the parties conducted mediation. Plaintiffs' success in litigation, by itself, is not enough to justify a multiplier.

Plaintiffs also argue that the Court should apply a multiplier under Washington law based on "the quality of the work performed" and the "contingent nature of success." (Dkt. No. 42 at 10); *Chuong Van Pham v. City of Seattle, Seattle City Light*, 151 P.3d 976, 982–83 (Wash. 2007). Counsels' performance in this case does not justify a multiplier. As for the contingent nature factor, "occasionally a risk multiplier will be warranted because the lodestar figure does not adequately account for the high risk nature of a case." *Id.* at 983. Although Plaintiffs' counsel took this lawsuit on a contingency basis, they have not demonstrated how the case was particularly high risk. By Plaintiffs' own admission, "[h]ad the Seattle Theatre Group accepted Plaintiffs' counsel offer to meet in January of 2017, the odds are near certain that this lawsuit would not have been necessary." (Dkt. No. 42 at 11.) There is nothing in the nature of Plaintiffs' claims or the conduct of this lawsuit that warrants an upward multiplier.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney fees and costs (Dkt. No. 42) is GRANTED in part and DENIED in part. In accordance with the Court's ruling, the Court ORDERS the following:

1     (1) Defendants shall pay $95,951 in attorney fees to Washington Civil & Disability Advocate;

2     (2) Defendants shall pay $56,906.25 in attorney fees to Reed Pruett & Walters PLLC;

3     (3) Defendants shall reimburse Plaintiffs' counsel $3,278.86 for their costs expended in this matter.

DATED this 9th day of July 2018.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE